## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE NO. 26-mj-77 (MJS)** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of a Firearm by a Person** |
| **J'QUAN BAKER** | : | **Convicted of a Crime Punishable by** |
| | : | **Imprisonment for a Term Exceeding One** |
| | : | **Year)** |
| **Defendant(s).** | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 924(d), 21 U.S.C. § 853(p);** |
| | : | **and 28 U.S.C. § 2461(c)** |
| | : | |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE

On April 13, 2026, within the District of Columbia, **J'QUAN BAKER,** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Prince George's County Maryland Circuit Court, Criminal Case No C-16-CR-24-000127, did unlawfully and knowingly possess a firearm, that is a Taurus G25 9mm semi-automatic pistol, bearing S/N TMA91102, which had been shipped and transported in interstate commerce.

**(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,** in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the

knowing commission of the offense, including but not limited to: Taurus G25 9mm semi-automatic pistol, bearing S/N TMA91102.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Respectfully submitted,

*Jeanine Ferris Pirro* csr

JEANINE FERRIS PIRRO
United States Attorney

By: _____
LEAH PAISNER
Assistant U.S. Attorney
NJ Bar No. 175362015
601 D. Street NW
Washington, D.C. 20530
(202) 252-7814
Leah.Paisner@usdoj.gov